FILED

NOT FOR PUBLICATION

NOV 20 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA; UNITED STATES FIDELITY & GUARANTY COMPANY, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> KB HOME COASTAL, INC., a California Corporation; KB HOME SACRAMENTO, INC., a California Corporation; KB HOME SOUTH BAY, INC., a California Corporation; KB HOME GREATER LOS ANGELES, INC., a California Corporation, <br><br> Defendants - Appellants. | No. 12-56289 <br><br> D.C. No. 2:12-cv-02473-DSF-JC <br><br> ORDER[*] |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted October 8, 2014
Pasadena, California

Before: TALLMAN, BEA, and OWENS, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Defendants-Appellants' motion to voluntarily dismiss the above-captioned appeal is GRANTED.  Costs are awarded to the Plaintiffs-Appellees.

IT IS SO ORDERED.

<u>Travelers Property Casualty Company v. KB Home Coastal, Inc.</u>, No. 12-56289

TALLMAN, Circuit Judge, dissenting from the order granting dismissal.

For the reasons stated in Plaintiffs-Appellees' opposition to the motion to dismiss, I respectfully dissent from the order granting the opposed dismissal. As the parties are engaged in numerous ongoing district court proceedings and, given the nature of the parties' businesses, will likely face again the issues raised on appeal, the panel should provide a ruling that gives direction to the district courts. In addition, as this appeal has been pending for over two years, Defendants-Appellants' motion has been made at the eleventh hour for no other reason than a fear of losing its appeal after having heard the tenor of panel questioning at oral argument. Granting dismissal at this late stage further encourages improper gamesmanship by parties. That Defendants-Appellants would rather withdraw the appeal than face a potential loss reinforces the conclusion that this issue is likely to reappear. One can only conclude that Defendants-Appellants are motivated purely by a fear that the Ninth Circuit will issue controlling authority that will negatively impact future litigation.